# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>D. GOSS, et al.,<br><br>Defendants. | 1:16-cv-01356-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 14, 2016. Plaintiff filed a consent to Magistrate Judge jurisdiction on October 24, 2016. ECF No. 4.) Plaintiff's complaint, filed on September 14, 2016, is currently before the Court for screening. (ECF No. 1).

### I. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Corcoran. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"), Corcoran and at California Correctional Institution ("CCI"). Plaintiff names as defendants D. Goss, Correctional Captain, P. Chanelo, B.L. Parrot, Correctional Sergeants A. Sotelo, D. Wattree, G. Doser, R. Cole, W. Whitson, B. Mello; Correctional Officers D. Hist, L. Castro, A. Gonzalez, E. Ramirez, R. Rodriquez, D. Knowlton, O. Hurtada, F. Zavleta, E. Weiss, A. Cantu, E. Martinez, E. Young, D. Matthingly, W. Gutierrez, O. Chavez, R. Jensen, A Perera, G. Wildey, R. Flores, C. Riley, P. Grant, D. Gibbs, D. Hardy; Correction Captain Haak, Psych. Tech. J. Boger, Warden K. Holland.[1]

Plaintiff alleges as follows. Plaintiff had previously filed a civil rights complaint, 1: 10-cv-1814 DAD JLT on October 1, 2010. Since that time, Plaintiff has become the victim of retaliatory racially motivated attacks by correctional officers where Plaintiff has been seriously

---

[1] Plaintiff's handwriting is not easily legible. Plaintiff attempts to squeeze names onto preprinted lines. The court has done its best to read the writing, and misspellings of names may have occurred in this order. Plaintiff is cautioned that his handwriting must be legible so that the court may properly evaluate claims and identify potential defendants.

2

hurt and those officials denying Plaintiff access to medical care. Plaintiff alleges that the officers continuously and systemically use Title 15 of the Code of Regulations to falsely charge Plaintiff with violating codes culminating in Plaintiff losing good time credits, being illegally housed in solitary confinement since March 13, 2013, causing the filing of a criminal indictment and causing Plaintiff to lose real property.

Plaintiff alleges that correctional officials have conspired to deny Plaintiff access to the courts to litigate claims, like his civil rights complaint, and deny Plaintiff his legal property so that he cannot litigate a criminal conviction. Plaintiff alleges his writ was denied because he did not timely file. Plaintiff is denied access to his legal mail, which resulted in missing a deadline at the Ninth Circuit Court of Appeals concerning a criminal conviction.

Plaintiff alleges he was retaliated against by improperly denying Plaintiff his religious meals and special dietary meals based on the Plaintiff exercising his protected rights to speech and conduct.

**Assaults:** Plaintiff alleges that on March 13, 2013, Defendant Sotelo, L. Castro and A. Gonzalez of KVSP assaulted Plaintiff in retaliation. Plaintiff alleges that A. Sotelo for no reason grabbed Plaintiff by the arm and attempted to slam Plaintiff to the ground face first and other officers, including L. Castro and A. Gonzalez, attacked Plaintiff, and punched, stomped and kicked Plaintiff repeatedly. Plaintiff received multiple lacerations on his body, a black eye and injured toe. Defendant Sotelo had removed Plaintiff shoes, and he and L. Castro stomped on Plaintiff's exposed feet.

An hour later, Defendant A. Sotelo, D. Wattree, P. Chanelo and E. Ramirez and R. Rodrigues assaulted Plaintiff no reason by first ramming Plaintiff's head into a door several times, slamming Plaintiff face first into the floor and kicking, stomping and punching defendant in the face, body and head. Plaintiff had two large knots on his forehead, a swollen head and face. Plaintiff was denied proper medical care. Plaintiff was falsely charged by Correctional Officer K. Hunt.

On September 9, 2013, Defendant D. Knowlton used excessive force by emptying the entire contents of his MK 9 pepper spray into Plaintiff cell as retaliation for Plaintiff's peaceful

3

protest of officials improperly withholding Plaintiff's religious meals. Plaintiff was denied medical care.

On November 15, 2013, Defendants Weiss, Hurtado and Zavleta assaulted Plaintiff by extracting Plaintiff from his cell under false pretenses. They entered Plaintiff's cell and punched, kicked and hit Plaintiff with batons for several minutes leading to Plaintiff's head and face becoming bruised and swollen. Plaintiff was illegally enrolled in an involuntary mental health program.

On February 6, 2014, Defendants D. Gibbs and D. Hardy of CCI assaulted Plaintiff by jumping Plaintiff and Plaintiff was hit, kicked, and punched with a baton. Once constrained in handcuffs, Defendant Whitson ordered Plaintiff's clothes be cut off him and he was exposed in front of several female nurses.

On February 4, 2015, at CCI, Defendants Cantu, E. Young, E Martinez and K. Campbell and several other officers assaulted Plaintiff by slamming Plaintiff's face first to the ground and severely injuring Plaintiff face and nose and beating Plaintiff with batons while he was on the ground, and they then sprayed him with pepper spray. He was a denied medical care.

On February 25, 2015, at CCI, B.L. Parrot, A. Cole, A. Cantu, W. Gutierrez and D. Matthingly and other officers assaulted Plaintiff by punching, kicking and hitting Plaintiff with batons while calling him racial names. Plaintiff was denied medical care.

On September 2, 2015, G. Wildey, R. Flores, C. Wiley and A. Pearce in addition to B. Mello assaulted Plaintiff by kneecapping Plaintiff and hitting him with batons and excessively pepper spraying Plaintiff, punching, and kicking him.

**False RVR's**: Plaintiff alleges on April 16, 2015, a false RVR for possession of a weapon was made but was in retaliation for civil actions. Plaintiff alleges he was stripped search as a result of the weapon and it was sexually harassing.

On April 17, 2015, Defendant W. Gutierrez and O. Chavez filed false charges against Plaintiff for assault.

**Denial of Access to Courts:** Defendant P. Grant denied Plaintiff access to the law library despite that Plaintiff had a legal deadline and denied Plaintiff access to his legal property. On

4

several other occasions, Defendant P. Grant denied Plaintiff access to the law library despite proof that Plaintiff had legal deadlines and denying Plaintiff his legal mail.

**Destruction of Property:** Defendant Uribe and Cable deprived Plaintiff of all his legal property and personal property in retaliation for Plaintiff's protected speech and conduct within the Courts. Defendant Uribe and Cable destroyed Plaintiff's property by falsely stating Plaintiff refused his property. Neither officer followed correct procedures.

**Deprivation of religious/dietary meals:** Correctional officials have conspired to deprive Plaintiff of his religious/dietary meals in retaliation. Corcoran refuses to honor the Plaintiff's religious/special dietary meals.

**Supervisor Liability against K. Holland:** Plaintiff alleges that on numerous occasions the Warden of CCI, K. Holland, was submitted briefs by Plaintiff outlining correctional officers' abuse, violations of policy and acts of illegal nature and Warden Holland did nothing.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20. Plaintiff will be granted an opportunity to amend his complaint. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, are cognizable in this action and comply with joinder requirements.

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.;* see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

5

Plaintiff's complaint is not a short statement, is not plain, and it does not set forth sufficient factual matter as to all claims. While portions of the complaint related to excessive force provide factual matter, Plaintiff's complaint also is filled with conclusory statements, such as assertions of conspiracy or retaliation, which do not provide specific factual information to permit the Court to determine if Plaintiff has stated a plausible claim for relief against the individually named defendants. If Plaintiff elects to amend his complaint, he must set forth specific factual allegations against each defendant.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution...shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); *Rizzo v. Goode*, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should ensure that the thirty-five Defendants named in the amended complaint, are described in the factual allegations as having participated in the violations of Plaintiff's rights. Conclusory allegations will not suffice. The Court will provide an opportunity to amend. In order to state a cognizable claim, Plaintiff needs to set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights. Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights, as explained below. See *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988).

6

### 3. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants that are unrelated. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. excessive force by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff many not bring in one case all claims he has arising from different incidents arising on different dates, spanning multiple years, involving different defendants and at different institutions. Unrelated claims involving multiple defendants belong in different suits. See *George*, 507 F.3d at 607. Plaintiff will be granted leave to amend. Plaintiff is cautioned that if he fails to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.,* 733 F3d 863, 870-71 (9th Cir. 2013).

### 4. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588

F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names Defendant Holland, and various other individuals, as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with her claims or instituted a constitutionally deficient policy. Merely because Plaintiff wrote to Defendant Holland, does not factually establish that Defendant saw the writings and knew of the claims alleged.

### 5. Eighth Amendment—Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); *Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37 (quoting

8

*Hudson,* 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Whitley*, 475 U.S. at 321, 106 S.Ct. at 1085; *Marquez v. Gutierrez,* 322 F.3d 689, 692 (9th Cir.2003).

The Court finds that Plaintiff may have stated a cognizable excessive force claim against the named Defendants listed for incidents dated: March 13, 2013, September 9, 2013, November 15, 2013, February 6, 2014, February 4, 2015, February 25, 2015 and September 2, 2015. Although Plaintiff has stated a cognizable excessive force claims against these defendants, his complaint violates the rules regarding joinder of claims. Therefore, Plaintiff may not pursue multiple unrelated claims regarding excessive force. Plaintiff will be given the opportunity to cure this deficiency. Separate incidents must be brought in separate actions. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

### 6. Eighth Amendment–Sexual Assault

The Ninth Circuit has found that prisoners retain a limited right to bodily privacy. *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). Generally strip searches do not violate a prisoner's Fourth Amendment rights, however strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional. Id. at 332-33. In determining reasonableness under the Fourth Amendment, the Court "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "[P]risoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993); see also *Michenfelder*, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within

9

view of female guards held constitutional). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir.2012); see also *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir.2000) ("In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ....").

Plaintiff fails to state a cognizable claim. Plaintiff notes that he was searched because officials believed he possessed a weapon, and such search has a legitimate penological purpose, which may justify the location and manner of the search. Moreover, Plaintiff's complaint fails to comply with the rules regarding joinder of claims. In other words, Plaintiff may not pursue his claim against Defendant for improper strip search while simultaneously pursuing claims against other defendants arising out of separate and discrete incidents. Plaintiff must choose which claims he seeks to pursue in this action.

**7. Eighth Amendment – Deliberate Indifference to serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.' " *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard ." *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer*, 511 U.S. at 837.

Plaintiff alleges that after each assault by the various named defendants on the incidents dated March 13, 2013, September 9, 2013, November 15, 2013, February 6, 2014, February 4,

2015, February 25, 2015 and September 2, 2015, he was not referred to medical care despite obvious and visual injuries. Plaintiff appears to state a cognizable claim for deliberate indifference to serious medical needs and may be able to join the deliberate indifference claim with the excessive force claims on a per incident basis. However, as noted above Plaintiff has improperly joined multiple deliberate indifference incidents in this action with multiple excessive force incidents. Separate incidents must be brought in separate actions. Plaintiff must choose which claims he seeks to pursue in this action.

### 8. First Amendment—Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985); see also *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005); accord *Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir.2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." *Brodheim,* 584 F.3d at 1271, quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

Plaintiff claims that Defendants used excessive force in retaliation for protected conduct. However, Plaintiff's allegations are, at best, conclusions. Plaintiff fails to adequately allege the protected right he was allegedly engaged in, of which defendants were aware, and that such action chilled his exercise of his First Amendment right. Conclusory allegations of "conduct in Court" are insufficient. In other words, there is no indication that Plaintiff's protected conduct was the

11

substantial or motivating factor. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). Further, joinder of this claim with Plaintiff's claims against the other defendants is improper.

### 9. First Amendment – Free exercise of religion

A person asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of their religion. *Graham v. C.I.R.,* 822 F.2d 844, 851 (9th Cir. 1987), aff's sub nom. *Hernandez v. C.I.R.,* 490 U.S. 680, 699 (1989). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ohno v. Yasuma*, 723 F.3d 981, 1101 (9th Cir. 2013) (quoting *Guru Nanak Sikh Soc'y of Yuba City v. Cnty. of Sutter*, 456 F.3d 978, 998 (9th Cir. 2006)(internal quotation marks and alterations omitted)).

"The right to exercise religious practices and beliefs does not terminate at the prison door. The free exercise right, however, is necessarily limited by the fact of incarceration, and may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987)(per curiam)(citations omitted); see also *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008). In order to implicate the Free Exercise Clause, the prisoner's belief must be both sincerely held and rooted in religious belief. *Shakur*, 514 F.3d at 885. The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254 (1987).

Plaintiff's conclusory allegations fail to state a cognizable claim. Plaintiff fails to set for facts alleging his religious beliefs, that the denial substantially burdens practice of religion, or whether denial was reasonably related to legitimate penological interests. Further, joinder of this claim with plaintiff's claims against the other defendants is improper.

**10. Due Process**

Plaintiff alleges that defendants created false RVRs to cover up their wrongful conduct. Plaintiff fails to state cognizable claims for false RVRs.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). Inmates do not have any due process right to be free from false disciplinary charges. See *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not ... deprived of a protected liberty interest without due process of law."); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, plaintiff's claim that any defendant wrote him a false disciplinary fails to state a cognizable claim.

**11. Conspiracy**

Plaintiff alleges that defendants conspired to deny him access to the courts, confiscate his legal property and deny him religious meals, among other conspiracies. A conspiracy claim brought under section 1983 requires proof of " an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir.1989) (citation omitted)), and an actual deprivation of constitutional right, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir.2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir.1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

Plaintiff fails to allege specific allegations demonstrating that Defendants each shared the

13

common objective of the conspiracy. Plaintiff has not set forth sufficient factual allegations to establish the existence of an express or implied agreement among those defendants to have him harmed. Further, Plaintiff cannot join a conspiracy claim with a claim unrelated to the underlying conspiracy (e.g., a conspiracy to deny religious meals, cannot be joined with a claim for excessive force).

**12. Access to Court**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413–414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, (2009)).

The complaint does not establish the nature of the case Plaintiff lost or demonstrate whether it was "direct criminal appeals, habeas petitions, or civil rights actions," if at all. Instead, the complaint merely makes conclusory statements outlining defendants' alleged culpable

behavior. Plaintiff has not alleged the nature of the underlying claim and whether it was non-frivolous. To state such a claim, the plaintiff must describe this "predicate claim ... well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). It is not enough for Plaintiff merely to conclude that the claim was non-frivolous. These allegations are not sufficient to state a claim. Further, joinder of this claim with plaintiff's claims against the other defendants is improper.

### 13. Confiscation of Property

To the extend Plaintiff alleges confiscation of property, other than property needed for access to courts, Plaintiff is informed that while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

Plaintiff's allegations relating to the confiscation of property from an unauthorized taking, does not implicate the Due Process Clause of the Fourteenth Amendment. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

### 14. **Violation of Title 15**

Plaintiff's allegations that defendants violated Title 15, other regulations, or state laws, fail to state a federal civil rights claim. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." *Sweaney v. Ada County*, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting *Lovell v. Poway Unified Sch. Dist.,* 90 F.3d 367, 370 (9th Cir. 1996). See also *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised

on violation of federal constitutional right). Therefore, the failure of prison officials to follow Title 15 or state law does not rise to the level of a federal civil rights violation.

**IV.     Conclusion and Order**

For the above reasons, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a claim upon which relief may be granted under section 1983. As Plaintiff is proceeding in pro se, the Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676. Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a complaint form;

2.     Plaintiff's complaint, filed September 14, 2016 (ECF No. 1), is dismissed for failure to comply with Federal Rule of Civil Procedure 8, 18 and 20 and failure to state a claim;

3.     Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint or a notice of voluntary dismissal; and

4. **If Plaintiff fails to file an amended complaint in compliance with this order, the Court will dismiss this action, with prejudice, for failure to state a claim and to obey a court order**.

IT IS SO ORDERED.

Dated: **June 14, 2017**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE