| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | 1:16-cv-01356-BAM (PC) |
| Plaintiff, | |
| v. | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| D. GOSS, et al., | |
| Defendants. | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS AND TO SEVER CERTAIN CLAIMS |
| | |
| | (ECF No. 12) |
| | **FOURTEEN-DAY DEADLINE** |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 14, 2016. Plaintiff filed a consent to Magistrate Judge jurisdiction on October 24, 2016. (ECF No. 4.) Plaintiff's first amended complaint, filed on July 14, 2017, is currently before the Court for screening. (ECF No. 12).

**I.   Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C.

1

1 § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at Pelican Bay State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at Kern Valley State Prison ("KVSP"), Corcoran and at California Correctional Institution ("CCI") at Tehachapi. Plaintiff names over 42 individuals as defendants, as stated below, from various incidents spanning many years.

Plaintiff alleges as follows.

**Assaults:** Plaintiff alleges that on March 13, 2013, Defendant Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez and R. Rodriguez, at KVSP, used force against Plaintiff. The use of force was purported to have occurred based on Plaintiff attempting to batter correctional officers. Plaintiff was charged with battery on an officer but the events occurred when these officers used force on the Plaintiff and beat him while Plaintiff and on the ground completely restrained. These officers deprived of KVSP assaulted Plaintiff in retaliation.

2

They also deprived plaintiff of his orthotic shoes while subduing Plaintiff and beat him again while in restraints a second time.

On September 9, 2013, Defendant D. Knowlton, of CCI at Tehachapi, used excessive force by emptying the entire contents of canister of OC pepper spray into Plaintiff cell as retaliation when there was no threat of harm and correctional officials denied Plaintiff medical care.

On November 15, 2013, Defendants E. Weiss, O. Hurtado and F. Zavleta, of CCI at Tehachapi, extracted Plaintiff from his cell and began striking Plaintiff with extendable batons, their fists and kicked him while Plaintiff was handcuffed and on the ground in a vulnerable position. They entered Plaintiff's cell and punched, kicked and hit Plaintiff with batons for several minutes leading to Plaintiff's head and face becoming bruised and swollen. Correctional Captain Haak had Plaintiff illegally enrolled in an involuntary mental health program.

On February 6, 2014, Defendants D. Gibbs and D. Hardy, of CCI at Tehachapi, removed Plaintiff from his assigned cell for a ruse of a cell search and Plaintiff was hit, kicked, and punched with a baton while Plaintiff was on the ground. Once restrained in handcuffs, Defendant Whitson ordered Plaintiff's clothes be cut off him to degrade and sexually harass Plaintiff under the guise of a medical evaluation.

On February 4, 2015, at CCI Tehachapi, Defendants A. Cantu, E. Young, E Martinez and K. Campbell and several other officers assaulted Plaintiff while he was in handcuffs and when he was on the ground, severely injuring Plaintiff's face and nose and beating Plaintiff with batons while he was on the ground, and they then sprayed him with pepper spray. Defendant Campbell saw the illegal use of force and did nothing to intervene.

On February 25, 2015, at CCI Tehachapi, A. Cantu, W. Gutierrez and D. Matthingly and other officers used excessive force while Plaintiff was handcuffed, shackled and with a spit mask. They forced Plaintiff to the ground and repeatedly punching, kicking and hitting Plaintiff with batons while calling him racial names. Defendant BL Parrot and R. Cole personally saw the battery on Plaintiff and may have joined in the battery of Plaintiff.

///

On April 16, 2015, Officer R. Jensen and G. Doser and a psych tech J. Boger unlawfully and sexually harassed Plaintiff with a strip search of Plaintiff was Plaintiff was attending the facilities law library based upon an alleged weapon find of a sharp instrument secreted in a hole in Plaintiff's cell mattress.

On September 2, 2015, G. Wildey and A. Pearce, and other officers, at CCI Tehachapi, used excessive force while Plaintiff was in handcuffs hitting him with batons, kicking and punching Plaintiff as he was down on the ground, and used an entire canister of OC pepper spray and excessively pepper spraying Plaintiff in the face, punching, and kicking him. Defendant B. Mello conducted an illegal strip search in an unauthorized use of force that was intended to be demanding and sexually harassing alleging that B. Mello retrieved an inmate manufactured weapon off the Plaintiff's person. Plaintiff was further battered by defendant Flores and Riley based upon the orders by B. Mello.

**False RVR's**: On August 19, 2015, W. Guiterrez and O. Chavez, at CCI Tehachapi, authored a false RVR for battery of a peace officer and failed to offer Plaintiff due process by failing to provide him with a fair and impartial investigative employee.

**Denial of Access to Courts:** Defendant P. Grant, CCI Tehachapi, denied Plaintiff his legal documents from August 19, 2013 to October 3, 2013 culminating in Plaintiff being unable to file a writ of certiorari before the Supreme Court to challenge timeliness procedural bars in Habeas Corpus. Plaintiff had been granted a continuance to file his claims before the U.S. Supreme Court until September 28, 2013, but based on Defendant Grant's denial of his property, Plaintiff could not file his writ until October 2013. Plaintiff would only be able to file if he is now granted a second or successive Habeas Corpus petition. Plaintiff asks that Defendant bear the costs of filing fees and transcription of his criminal trial proceedings.

**Destruction of Property:** Plaintiff alleges his legal property was taken and frustrated his litigation efforts in case 1:10-CV-01814 in retaliation for Plaintiff's protected speech and conduct within the Courts. Defendant Uribe and Cable destroyed Plaintiff's property by falsely stating Plaintiff refused his property. Neither officer followed correct procedures.

///

4

**Conspiracy/Supervisor Liability against K. Holland, Warden Matzen:** Plaintiff alleges the wardens are liable under the theory of respondeat superior for the conspiracy in violating Plaintiff First Amendment, Eighth Amendment and Due Process rights based on Plaintiff's original suit (1:10-CV-1814) concerning actions of Defendant Goss' action with RVR hearings concerning an attempted murder of an inmate. Plaintiff was retaliated against and his due process rights violated by false RVRs for assaulting or battering officers, indifference to his medical needs, confiscation of orthopedic devices, denial of access to the courts, and several acts of retaliation.. These officials implemented policies that were a repudiation of Plaintiff's Constitutional rights. Defendant Goss, along with K. Holland and Matzen, systematically retaliated against Plaintiff by leveling false RVRs against Plaintiff for "assaulting" or "battering" officers and frustrate Plaintiff's litigation efforts by authorizing deprivation of Plaintiff's property.

**Relief:** Plaintiff requested declaratory judgment, punitive damages and compensatory damages.

### III. Discussion

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20.

**1. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.;* see also *Twombly*, 550 U.S. at 556–557; *Moss*, 572 F.3d at 969.

As discussed below, Plaintiff appears to state cognizable claims against some defendants, but the remainder of Plaintiff's complaint contains misjoined claims or are not cognizable.

///

### 2. Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

As Plaintiff has been previously informed, Plaintiff may not raise different claims against different defendants that are unrelated. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. excessive force by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event.

Plaintiff many not bring in one case all claims he has arising from different incidents arising on different dates, spanning multiple years, involving different defendants and at different institutions. Unrelated claims involving multiple defendants belong in different suits. See *George*, 507 F.3d at 607. Plaintiff has been cautioned that if he failed to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.,* 733 F3d 863, 870-71 (9th Cir. 2013).

### 3. Supervisor Liability

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588

F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); accord *Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Plaintiff may also allege the supervisor "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted).

Plaintiff names Defendant Goss, Holland and Matzen, and possibly various other individuals, who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory defendants participated in or directed conduct associated with his claims or instituted a constitutionally deficient policy. Plaintiff alleges conclusory allegations that Goss, along with K. Holland and Matzen, retaliated against him by false RVRs and instituted an unconstitutional policy. Plaintiff does not describe any specific action taken by these defendants or specific policy, but instead offers vague and conclusory allegations of the involvement of these defendants in alleged constitutional violations. Such conclusory allegations are insufficient to state a cognizable claim. Despite being provided the requisite legal standards, Plaintiff has been unable to cure this defect. Plaintiff continues to seek to hold the supervisors liable "under respondeat superior." (ECF No. 12 p. 8 of 11.) The Court will recommend dismissal of D. Goss, K. Holland and P. Matzen.

**4. Eighth Amendment—Excessive Force**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992);

*Whitley v. Albers*, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." *Hudson*, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010). However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37 (quoting *Hudson,* 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." *Whitley*, 475 U.S. at 321, 106 S.Ct. at 1085; *Marquez v. Gutierrez,* 322 F.3d 689, 692 (9th Cir.2003).

The Court finds that Plaintiff may have stated a cognizable excessive force claim against the named Defendants listed for incidents dated: March 13, 2013, September 9, 2013, November 15, 2013, February 6, 2014, February 4, 2015, February 25, 2015 and September 2, 2015. Although Plaintiff has stated a cognizable excessive force claims against these defendants, his complaint violates the rules regarding joinder of claims. Therefore, Plaintiff may not pursue multiple unrelated claims regarding excessive force.

Separate incidents must be brought in separate actions. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff has been cautioned that if he failed to elect which category of claims to pursue and his amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed.

///

### 5. **Statute of limitations on the Cognizable Excessive Force Claims**

In considering misjoined claims, the Ninth Circuit has advised district courts to conduct a prejudice analysis before dismissing the severed parties pursuant to Federal Rule of Civil Procedure 21. *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (abuse of discretion to dismiss rather than sever claims against improperly joined parties without evaluating the prejudice to the plaintiff of dismissal). The Ninth Circuit expressly noted that such consideration should include "loss of otherwise timely claims if new suits are blocked by statutes of limitations." *Rush*, 779 at 975 (citation omitted).

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *see also Canatella v. Van De Camp*, 486 F.3d 1128, 1132 (9th Cir. 2007); *Maldanado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 926 (9th Cir. 2004). See Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration). The statute of limitations for bringing a claim under § 1983 in California is two years and this period is tolled during the time a prisoner pursues his administrative remedies, and is potentially tolled up to an additional two years if plaintiff is incarcerated for a term of less than life. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a). Under California's test for equitable tolling, a plaintiff must establish "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 (9th Cir. 2014) (explaining that federal courts borrow state law equitable tolling provisions, unless they are inconsistent with federal law, and

setting forth California's doctrine of equitable tolling).

Further, in light of California's prisoner tolling statute, Cal. Civ. P. § 352.1(a), to the extent that Plaintiff seeks monetary damages in connection with claims concerning events arising in later 2014 and 2015, the statute of limitations on those claims has not run. *Caliz v. City of Los Angeles*, No. CV 15-5161-JLS (KS), 2017 WL 8186293, at *8 (C.D. Cal. Nov. 3, 2017), report and recommendation adopted, No. CV 15-5161-JLS (KS), 2018 WL 1226017 (C.D. Cal. Mar. 6, 2018). Plaintiff has a minimum of four years from the date of the incidents in which to file suit (plus any applicable exhaustion of administrative remedies period).

The excessive force claim for the incident on March 13, 2013 will be allowed to proceed in this case. The excessive force claims for incidents of September 9, 2013, November 15, 2013, and February 6, 2014 may be barred by the statute of limitations if dismissed. Therefore, these claims will be severed and new cases established. But the excessive incidents of February 4, 2015, February 25, 2015 and September 2, 2015 appear not to be so barred. Thus, excessive force incidents of February 4, 2015, February 25, 2015 and September 2, 2015 need not be severed, since Plaintiff is not time-barred from bringing them in a new action.

### 6. Eighth Amendment–Sexual Assault

The Ninth Circuit has found that prisoners retain a limited right to bodily privacy. *Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). Generally strip searches do not violate a prisoner's Fourth Amendment rights, however strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional. Id. at 332-33. In determining reasonableness under the Fourth Amendment, the Court "must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). "[P]risoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." *Jordan v. Gardner*, 986 F.2d 1521, 1524 (9th Cir. 1993); see also *Michenfelder*, 860 F.2d at 322 (visual body-cavity searches of male inmates conducted within view of female guards held constitutional). "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041,

1046 (9th Cir.2012); see also *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir.2000) ("In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ....").

Plaintiff fails to state a cognizable claim. Plaintiff notes that he was searched because officials believed he possessed a weapon, and such search has a legitimate penological purpose, which may justify the location and manner of the search. In the other incident, Defendant Whitson ordered Plaintiff's clothes be cut off him for a medical evaluation. There are no circumstances alleged that the manner in which his clothes were removed was done was unreasonable in light of the penological reasons. Moreover, Plaintiff's complaint fails to comply with the rules regarding joinder of claims. In other words, Plaintiff may not pursue his claim against Defendant for improper strip search while simultaneously pursuing claims against other defendants arising out of separate and discrete incidents. Plaintiff has failed to cure the defects for the sexual harassment claims and the Court will recommend dismissal of such claims

### 7. Eighth Amendment – Deliberate Indifference to Serious Medical Needs

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.' " *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096; *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. *Simmons*, 609 F.3d at 1018. "Deliberate indifference is a high legal standard ." *Simmons*, 609 F.3d at 1019; *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. *Farmer*, 511 U.S. at 837.

///

Plaintiff alleges that after the assault by the various named defendants on March 13, 2013 and September 9, 2013, he was not referred to medical care despite being seriously injury. Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs. Plaintiff fails to state facts that each of defendants were aware of facts from which he could make an inference that a substantial risk of serious harm exists Plaintiff had a serious need and failed to respond. Plaintiff's conclusory allegation are insufficient. Plaintiff does not allege medical deliberate indifference as to any other excessive force claim. Plaintiff was informed that he must allege facts that and may be able to join the deliberate indifference claim with the excessive force claims on a per incident basis. Despite being provided guidance, Plaintiff has been unable to allege a cognizable medical deliberate indifference claim.

As to Plaintiff's claim that his orthotic shoes were taken, Plaintiff fails to allege a cognizable claim. Plaintiff does not state whether he had a prescription or that any Defendant knew if Plaintiff had a medical prescription for these shoes and that depriving Plaintiff of the shoes put him at a serious risk of harm. Nor does he identify any harm that resulted from him being deprived of the shoes. *Shapley v. Nevada Bd. Of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam) (holding that delay which does not cause harm is insufficient to state a claim of deliberate medical indifference). Because the allegations do not suggest that any Defendant was deliberately indifferent to Plaintiff's serious medical need, he fails to state a claim. Further leave to amend appears futile and should be denied.

### 8. First Amendment—Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a civil rights claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir.1985); see also *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir.1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005); accord *Watson v. Carter*, 668 F.3d

1108, 1114–15 (9th Cir.2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir.2009).

In order to state a claim, a plaintiff must allege specific facts demonstrating that a defendant took an adverse act because of plaintiff's First Amendment activity. The plaintiff's protected conduct must have been "the 'substantial' or 'motivating' factor behind the defendant's conduct." *Brodheim,* 584 F.3d at 1271, quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir.1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

Plaintiff claims that Defendants used excessive force in retaliation for protected conduct. However, Plaintiff's allegations are, at best, conclusions. Plaintiff fails to adequately allege the protected right he was allegedly engaged in, of which defendants were aware, and that such action chilled his exercise of his First Amendment right. Conclusory allegations are insufficient. In other words, there is no indication that Plaintiff's protected conduct was the substantial or motivating factor. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). Further, joinder of this claim with Plaintiff's claims against the other defendants is improper. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies of his complaint by amendment.

**9. Due Process**

Plaintiff alleges that defendants W. Guiterrez and O. Chavez created false RVRs to cover up their wrongful conduct. Plaintiff fails to state cognizable claims for false RVRs.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466 (1983). Inmates do not have any due process right to be free from false disciplinary charges. See *Freeman v. Rideout*, 808

13

F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not ... deprived of a protected liberty interest without due process of law."); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, plaintiff's claim that any defendant wrote a false disciplinary charge fails to state a cognizable claim and the court will recommend that this claim be dismissed.

Plaintiff also alleges that he was not given a fair and impartial investigative employee for an RVR hearing.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the five minimum Wolff requirements are met, due process has been satisfied. *Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir.1994), abrogated on other grounds by *Sandin v. Connor,* 515 U.S. 472, 115.

Plaintiff complains he was not given legal assistance. Plaintiff is not entitled in these circumstances to an independent assistant and investigative employee.

Plaintiff complains that he was placed in an involuntary mental health program on November 15, 2013 by Captain Haak.

The Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight. *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543 (1976).

14

Transfer to less amenable quarters for non-punitive reasons has been held to be "ordinarily contemplated by a prison sentence." *Hewitt*, 459 U.S. at 468; *see also Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (explaining that "[t]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement"). Indeed, the Due Process Clause does not protect against all changes in conditions of confinement even where they "hav[e] a substantial adverse impact on the prisoner involved." *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

Placement under a mental health watch is the type of condition of confinement that is ordinarily contemplated by the sentence imposed. *Chapell v. Mandeville*, 706 F.3d 1052, 1062–62 (9th Cir. 2013). Only the most extreme changes in the conditions of confinement have been found to directly invoke the protections of the Due Process Clause. *See Vitek v. Jones*, 445 U.S. 480, 493–94, 100 S. Ct. 1254, 1264, 63 L.Ed. 2d 552 (1980), Plaintiff does not state a cognizable claim as he fails to set forth any allegations regarding the conditions of his confinement that amount to a deprivation of a liberty interest. Despite being provided the legal standards to state a claim, Plaintiff has been unable to cure this defect.

**10. Conspiracy**

Plaintiff alleges that defendants conspired to deny him access to the courts, confiscate his legal property, among other conspiracies. A conspiracy claim brought under section 1983 requires proof of " an agreement or meeting of the minds to violate constitutional rights," *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir.2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.,* 865 F.2d 1539, 1540–41 (9th Cir.1989) (citation omitted)), and an actual deprivation of constitutional right, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir.2006) (quoting *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir.1989)). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).

Plaintiff fails to allege specific allegations demonstrating that Defendants each shared the common objective of the conspiracy. Plaintiff has not set forth sufficient factual allegations to

15

establish the existence of an express or implied agreement among those defendants to have him harmed. Conclusory allegations are not sufficient. Further, Plaintiff cannot join a conspiracy claim with a claim unrelated to the underlying conspiracy (e.g., a conspiracy to deny property, cannot be joined with a claim for excessive force).

**11. Access to Court**

Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). To state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." *Nevada Dept. of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002).

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Lewis, 518 U.S. at 354. The type of legal claim protected is limited to direct criminal appeals, habeas petitions, and civil rights actions such as those brought under section 1983 to vindicate basic constitutional rights. Id. at 354 (quotations and citations omitted). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id. at 355 (emphasis in original).

Moreover, when a prisoner asserts that he was denied access to the courts and seeks a remedy for a lost opportunity to present a legal claim, he must show: (1) the loss of a non-frivolous or arguable underlying claim; (2) the official acts that frustrated the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir. 2007) (citing *Christopher*, 536 U.S. at 413–414, overruled on other grounds, *Hust v. Phillips*, 555 U.S. 1150, 129 S.Ct. 1036, (2009)).

The amended complaint states the nature of the case Plaintiff lost – a writ of certiorari to the U.S. Supreme Court to challenge procedural bars to his Habeas Corpus petition. But Plaintiff was previously informed that to state a plausible claim he must show that he lost a non-frivolous or arguably meritorious underlying claim. Plaintiff has not alleged whether it was non-frivolous

16

or meritorious. To state such a claim, the plaintiff must describe this "predicate claim ... well enough to apply the 'non-frivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). Plaintiff's conclusory statement that the underlying claim was to challenge timeliness of procedural bars to his Habeas Corpus petition does not states a plausible claim which was lost. Further, joinder of this claim with plaintiff's claims against the other defendants is improper. Accordingly, despite being provided the legal standards to state a cognizable claim, Plaintiff has been unable to do so. The Court will recommend that this claim be dismissed.

### 12. **Confiscation of Property**

To the extend Plaintiff alleges confiscation of property, other than property needed for access to courts, Plaintiff is informed that while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see *Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co*., 455 U.S. 422, 435-36 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available," *Hudson*, 468 U.S. at 533.

Plaintiff's allegations relating to the confiscation of property from an unauthorized taking, does not implicate the Due Process Clause of the Fourteenth Amendment. Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Accordingly, the Court will recommend dismissal of the claim for unlawful confiscation of property by any defendant.

### 13. **Declaratory Relief**

In addition to monetary damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of

Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### IV. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez and R. Rodriguez, at KVSP, for excessive force in violation of the Eighth Amendment for the incident on March 13, 2013.

Based on the foregoing, the Clerk of the Court is HEREBY ORDERED to randomly assign a District Judge to this action.

Further, the Court HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's first amended complaint, filed July 14, 2017, (ECF No. 12), only as to the claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez and R. Rodriguez, at KVSP, for excessive force in violation of the Eighth Amendment for the incident on March 13, 2013;
2. That, pursuant to Fed.R.Civ.P. 21, the Court severs the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of:
    a. September 9, 2013 against Defendant D. Knowlton, of CCI at Tehachapi;
    b. November 15, 2013 against Defendants E. Weiss, O. Hurtado and F. Zavleta, of CCI at Tehachapi;
    c. February 6, 2014 against Defendants D. Gibbs and D. Hardy, of CCI at Tehachapi;

The clerk of the Court shall file the First Amended Complaint (Doc. 12) in each newly opened case and shall directly assign each of the three new cases to the same District Judge and Magistrate Judge as in case 16-CV1356 BAM (PC).

///

18

3. Plaintiff improperly attempted to join excessive force incidents of February 4, 2015, February 25, 2015, and September 2, 2015. These claims should be dismissed without prejudice since Plaintiff is not time-barred from alleging these claims in a new action. Note: Plaintiff should not delay in filing new cases on these incidents.
4. The claims and defendants for sexual assault in violation of the Eighth Amendment, deliberate medical indifference in violation of the Eighth Amendment, retaliation in violation of the First Amendment, violation of Due Process (including false RVRs, investigative employee, placement in an involuntary mental health program), denial of access to court, conspiracy and confiscation of property be dismissed with prejudice, for failure to state a cognizable claim.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 23, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE