1

2

3

4

5

6

7

8            # UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  LAWRENCE CHRISTOPHER SMITH,          Case No. 1:16-cv-01356-LJO-BAM (PC)

12            Plaintiff,                 ORDER DENYING MOTION FOR RELIEF
                                         FROM JUDGMENT
13       v.                              (ECF No. 20)

14  GOSS, et al.,                        ORDER DENYING MOTION TO AMEND
                                         (ECF No. 22)
15            Defendants.
                                         ORDER DENYING MOTION FOR
16                                       RECONSIDERATION OF JUDGMENT
                                         (ECF No. 24)
17

18       **I.       Background**

19           Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding pro se

20  and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

21           On May 23, 2018, the assigned Magistrate Judge issued findings and recommendations

22  recommending that: (1) this action proceed on Plaintiff's first amended complaint only as to the

23  excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A.

24  Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined

25  claims, into three separate cases and such cases be opened, for excessive force for the incidents

26  of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants

27  E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D.

28  Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and

                                         1

September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim.  (ECF No. 16.)  Plaintiff timely filed objections on June 15, 2018, (ECF No. 17), and the Court adopted the findings and recommendations in full on June 20, 2018, (ECF No. 18).  The misjoined claims were accordingly opened as separate actions.  See Smith v. Knowlton, Case No. 1:18-cv-00851-LJO-BAM; Smith v. Weiss, Case No. 1:18-cv-00852-LJO-BAM; and Smith v. Gibbs, Case No. 18-cv-00854-LJO-BAM.

On June 22, 2018, the Magistrate Judge issued an order finding service of the first amended complaint appropriate and directing Plaintiff to submit service documents for Defendants Castro, Chanelo, Gonzalez, Hunt, Ramirez, Rodriguez, Sotelo, and Wattree related to the excessive force claim from March 13, 2013.  (ECF No. 19.)  Plaintiff submitted partially completed service documents on July 9, 2018, together with a motion for relief from judgment and a proposed second amended complaint.  (ECF Nos. 20, 21.)

On August 6, 2018, Plaintiff filed a motion to amend the complaint and lodged a proposed supplemental complaint.  (ECF No. 22, 23.)  On September 10, 2018, Plaintiff filed a notice of errata, a further proposed supplemental complaint, and a motion for reconsideration of judgment.  (ECF No. 24.)

## II. Motion for Reconsideration

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).  Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist

2

or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

Essentially, Plaintiff argues that he should be permitted to file an amended complaint that will sufficiently plead facts that will support his allegation that there exists against him a vast conspiracy between nearly 100 defendants employed at multiple correctional institutions, county law enforcement and prosecutorial offices, and state courts. The Court has reviewed Plaintiff's argument in this regard on multiple occasions, and the Magistrate Judge granted him an opportunity to file a first amended complaint to include these allegations. Plaintiff failed to plead sufficient facts to support such a conspiracy, and has now filed three additional proposed amended complaints, each longer and with more defendants than the last.

Despite the fact that Plaintiff has not been granted further leave to amend his complaint, the Court has reviewed all three of the proposed amended and supplemental complaints filed since July 2018. Again, Plaintiff has failed to include specific allegations demonstrating that Defendants shared the common objective of the conspiracy, but rather relies upon conclusory allegations. The fact that Plaintiff alleges that each Defendant took some action detrimental to his cause is not sufficient to demonstrate that there existed an express or implied agreement among those defendants to have him harmed.

The Court has considered all of Plaintiff's moving papers and proposed amended and supplemental complaints, but again cannot find that they support the existence of a conspiracy among the numerous defendants. Therefore, the Court finds no grounds that would warrant reconsideration of the earlier decision to sever this case and dismiss otherwise unrelated claims.

### III. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for relief from judgment, (ECF No. 20), is DENIED;

2. Plaintiff's motion to amend, (ECF No. 22), is DENIED;

3. Plaintiff's motion for reconsideration of judgment, (ECF No. 24), is DENIED;

4. The first amended complaint filed July 14, 2017, (ECF No. 12), remains the operative complaint in this action, as modified by the Court's order of June 20, 2018; and

5. This action is referred back to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **March 25, 2019**                    **/s/ Lawrence J. O'Neill**
                                    UNITED STATES CHIEF DISTRICT JUDGE