# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH, | Case No. 1:16-cv-01356-NONE-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT<br>(ECF No. 29) |
| v. | |
| CHANELO, *et al.*, | ORDER DENYING PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER<br>(ECF No. 39) |
| Defendants. | |
| | ORDER GRANTING DEFENDANTS' REQUEST TO MODIFY DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 40) |
| | Discovery Deadline: **May 18, 2020**<br>Exhaustion Motion Deadline: **July 6, 2020**<br>Dispositive Motion Deadline: **November 6, 2020** |

**I.     Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations recommending that: (1) this action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into

1

three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. (ECF No. 16.) The District Judge adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as separate actions. (ECF No. 18); see Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM; Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM; and Smith v. Gibbs, Case No. 1:18-cv-00854-NONE-BAM.

On June 22, 2018, the Court ordered Plaintiff to submit service documents for Defendants Castro, Chanelo, Gonzalez, Hunt, Ramirez, Rodriguez, Sotelo, and Wattree. (ECF No. 19.) On July 9, 2018, Plaintiff submitted partially completed service documents, together with a motion for relief from judgment and a proposed second amended complaint. (ECF Nos. 20, 21.) On August 6, 2018, Plaintiff filed a motion to amend the complaint and lodged a proposed supplemental complaint. (ECF No. 22, 23.) On September 10, 2018, Plaintiff filed a notice of errata, a further proposed supplemental complaint, and a motion for reconsideration of judgment. (ECF No. 24.) On March 26, 2019, the Court denied all of the pending motions, finding that Plaintiff continued to raise the same arguments regarding the existence of a conspiracy against him between nearly 100 defendants employed at multiple correctional institutions, county law enforcement and prosecutorial offices, and state courts. As the Court had repeatedly considered these arguments and again found no basis for allowing Plaintiff to proceed against all of the proposed defendants in a single action, the Court found no grounds that would warrant reconsideration of the earlier decision to sever this case and dismiss the otherwise unrelated claims. (ECF No. 27.)

Currently before the Court are Plaintiff's motion for relief from judgment, filed April 25, 2019, (ECF No. 29), and Plaintiff's motion for protective order to quash his deposition, filed August 28, 2019, (ECF No. 39). On September 4, 2019, Defendants filed an opposition to the

motion for protective order, as well as a request to extend the deadline for filing a motion for summary judgment regarding exhaustion of administrative remedies. (ECF No. 40.) The applicable deadlines for the filing of any further oppositions or replies have expired, and the motions are deemed submitted. Local Rule 230(l).

**II.     Motion for Relief from Judgment or Order is a Motion for Reconsideration**

On April 25, 2019, Plaintiff filed a motion for relief from judgment or order under Fed. R. Civ. P. 60. (ECF No. 29.) Defendants did not file an opposition, as the motion was filed prior to service of the amended complaint, but the Court finds a response unnecessary. Plaintiff's Motion for Relief from Judgment or Order challenges this Court's order denying Plaintiff's prior motion for relief from judgment, motion to amend, and motion for reconsideration of judgment, all relating to his desire to proceed against more than 100 named defendants in a single action. (See ECF No. 27.) The Motion for Relief from Judgment or Order contends that Plaintiff should be permitted to proceed in this action on the complaint as originally filed, and further requests that District Judge O'Neill's rulings be decreed void and that his complaint be transferred to the Sacramento Division of this Court in the interests of justice.

The complaint in this action originally named over 42 individuals as defendants and dealt with incidents spanning many years. After Plaintiff's failure to properly join claims and defendants pursuant to Federal Rules of Civil Procedure 18 and 20, the Court found it appropriate to sever certain cognizable claims and to dismiss other misjoined claims. (ECF No. 18.) Thereafter, Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. (ECF Nos. 20, 22, 24.) All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever this action and dismiss the otherwise unrelated claims. (Id.)

The Court denied Plaintiff's multiple requests to file amended and supplemental complaints in this action because upon review of the allegations therein, the Court again found no specific allegations demonstrating that Defendants shared the common objective of the

3

conspiracy, but rather Plaintiff continued to rely on conclusory allegations. Having ruled on Plaintiff's prior requests to file further amended complaints, the current Motion for Relief from Judgment or Order now requests transfer of this action to a new District, explicitly for the purpose of allowing the case to proceed on the original complaint against more than 100 defendants. Because the motion essentially seeks to reconsider the Court's prior ruling, the Court construes the Motion for Relief from Judgment or Order as a motion for reconsideration.

A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

This Court has ruled on Plaintiff's request to add defendants and claims multiple times and will not expend any further resources on this request. As this Court has noted before, the instant motion to amend is another attempt by Plaintiff to reintroduce defendants and claims that were already dismissed as improperly joined. Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion is brought in bad faith. Plaintiff was given multiple opportunities prior to the severance of these claims to set forth allegations and arguments as to why these claims and defendants should be joined, and the Court has consistently found Plaintiff's contentions lacking. Any such further requests will be subject to sanctions.

To the extent Plaintiff seeks transfer of this action to the Sacramento Division, the request is denied. "A civil action may be brought in—(1) a judicial district in which any defendant

4

resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b). The party seeking the transfer must meet an initial threshold burden by demonstrating that the action could have been brought in the proposed transferee district. 28 U.S.C. § 1391(b); 28 U.S.C. § 1404(a); Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985); Park v. Dole Fresh Vegetables, Inc., 964 F.Supp.2d 1088, 1093 (N.D. Cal. 2013). The specific claims proceeding in this action occurred while Plaintiff was housed at Kern Valley State Prison in Delano, California in Kern County, which is located within the boundaries of the Fresno Division of the Eastern District of California. Defendants are all employees of Kern Valley State Prison, and there is no indication that any, much less "a substantial part," of the events giving rise to this suit have taken place within the boundaries of the Sacramento Division of the Eastern District of California.

Plaintiff's desire for his case to be assigned to a new judge in a division, due to his disagreement with orders issued in this action, is not sufficient to warrant transfer of this case to the Sacramento Division. Accordingly, venue remains appropriate in the Fresno Division of this district.

**III.   Motion for Protective Order to Quash Plaintiff's Deposition**

    **A.   Plaintiff's Arguments on Motion for Protective Order**

Plaintiff seeks to quash his deposition, originally scheduled for September 6, 2019 at Corcoran State Prison ("CSP"). (ECF No. 39.) Plaintiff argues he has six cases pending and the Defendants in these actions are obstructing and denying Plaintiff access to the court by impeding reviewing legal mail from the Court and destroying records in his position. Plaintiff contends that the scheduling of this deposition is being utilized by the defense in bad faith and as a means of harassment. Plaintiff argues that his complaint as written sufficiently pleads more than enough facts to warrant the Court ruling for summary judgment in his favor against the defendants for violating his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. Plaintiff further contends that the deposition was scheduled to keep him housed at CSP, under conditions that are a threat to his safety and deny him access to the Courts. Plaintiff therefore requests a

5

protective order, arguing that the deposition is a fruitless endeavor. (Id.)

The deposition was scheduled by the Deputy Attorney General defending this case shortly after Plaintiff arrived at CSP, from Pelican Bay State Prison where he is noted as being "out to court" in other matters. Plaintiff was transported to CSP for an Alternative Dispute Resolution proceeding before Magistrate Judge Stanley Boone in connection with Plaintiff's multiple federal lawsuits. Plaintiff contends that his legal papers have been destroyed in the move, denying him access to court. Plaintiff has been trying to be transferred back to Pelican Bay because he was placed in Ad Seg unit in CSP, which Plaintiff contends is in violation of state law. (Id.)

In opposition, Defendants argue that Plaintiff concedes that the allegations in his pleadings are cursory, which necessitates conducting a deposition to inquire into all aspects of his claim, including facts about the incident, claimed damages, and exhaustion of available administrative remedies. (ECF No. 40.) Defendants thus contend that the deposition is sought for a legitimate purpose, and Plaintiff fails to demonstrate that allowing the deposition to proceed will violate a privacy interest or cause him embarrassment. Despite Plaintiff's claims that defendants in other actions filed by him have obstructed his access to the law library and/or intercepted his legal mail, Defendants argue that Plaintiff provides no evidence that the Defendants in this action have acted improperly, especially given that Plaintiff is housed at CSP while Defendants are employed at Kern Valley State Prison. Further, the deposition will focus on factual issues concerning Plaintiff's claims, rather than legal issues, and therefore law library access is not necessary to prepare for the deposition. Finally, with respect to Plaintiff's claim that his legal materials were taken from him during his transfer from Pelican Bay to CSP, defense counsel has provided Plaintiff with copies of the RVR and CDCR form 837 concerning the March 13, 2013 incident at issue in this action, so Plaintiff could adequately prepare for a deposition. (Id.)

### B. Legal Standard

Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought may move for a protective order in the court where the action is pending. The court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or

undue burden or expense. Fed. R. Civ. P. 26(c). Options available to the court include, among other things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters. Id.

District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1211–12 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information). The party seeking to limit discovery has the burden of proving "good cause," which requires a showing "that specific prejudice or harm will result" if the protective order is not granted. In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003)); Westmoreland v. Regents of the Univ. of Cal., No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

**C.  Discussion**

The deposition which Plaintiff seeks to quash was scheduled for September 6, 2019. This September 6, 2019 date has passed, and defense counsel confirms that it was taken off calendar due to the filing of Plaintiff's motion. Therefore, the motion for protective order is now moot. Nonetheless, the Court deems it prudent to address taking Plaintiff's deposition in the future to guide the parties' conduct.

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ."[1] Fed. R. Civ. P. 30(a)(1). Deposition questions may relate to "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). A witness is required to answer as to matters within his or her own knowledge. A failure to participate in

---

[1] This Court's scheduling order states: "Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1). Pursuant to Federal Rule of Civil Procedure 30(b)(4), the parties may take any deposition under this section by video conference without a further motion or order of the Court." (ECF No. 37.)

discovery is in violation of Fed. R. Civ. P. 30 and 37. Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

As it appears Plaintiff contends that he did not have his legal files to produce the documents requested or to prepare for his deposition, at this time, the Court will not construe Plaintiff's motion as a wholesale refusal to engage in his deposition. However, Plaintiff is reminded that his discovery obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition. Plaintiff is obligated to allow Defendants to take his deposition, regardless of whether he believes that his complaint is sufficient to warrant a ruling of summary judgment in his favor.

Plaintiff is informed that he is required to appear at a properly noticed deposition and respond to questions by Defendants' counsel. In answering questions, he is not required to speculate or guess, although he may be asked to give an estimate of matters where estimates are commonly made (e.g., distance, size, weight, etc.). Plaintiff may review documents or other evidence available at the deposition for the purpose of refreshing his memory. If Plaintiff does not have his legal papers, through no fault of his own, he is informed he must still appear for a properly noticed deposition. Plaintiff is informed that if his failure to provide the documents is due to an inability to photocopy, Plaintiff may ask defense counsel for an extension of time or make arrangements with defense counsel to exchange documents at the deposition, where counsel could assist Plaintiff in obtaining photocopies.

Accordingly, the Court will require the parties to meet and confer and agree on a date for Plaintiff's deposition on or before May 18, 2020, and the Court will extend the discovery deadline to conduct Plaintiff's discovery. Plaintiff's deposition shall take place on a single day and shall be limited to seven (7) hours, with reasonable breaks. Fed. R. Civ. P. 30(d)(1). To facilitate a productive deposition, and seek to obtain Plaintiff's legal property, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed and, if necessary, Pelican Bay State Prison, to determine where Plaintiff's legal property is located, and where it was transported, to facilitate Plaintiff's review of his files. If any property is located in storage, then Defendants also should confirm if or when that property was transferred to Corcoran.

## IV. Repetitive, Duplicative, and Harassing Filings

Plaintiff has filed numerous repetitive, misnamed, overlapping, and otherwise harassing filings in this action. Such filings waste the Court's limited resources and delays the resolution of this action. Defendants have also been forced to file numerous oppositions regarding Plaintiff's filings. Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions. "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of So. Cal. v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).

## V. Request to Modify Discovery and Scheduling Order

Defendants argue that the filing of Plaintiff's motion for protective order caused the September 6, 2019 deposition to go off calendar pending a ruling from this Court. (ECF No. 40.) Further, Defendants have asserted failure to exhaust as an affirmative defense in this case, and as a result of the filing of Plaintiff's motion, Defendants will not have an adequate opportunity to conduct discovery—by way of deposing Plaintiff—before filing a motion for summary judgment for failure to exhaust administrative remedies. Defendants contend that they were diligent in setting Plaintiff's deposition early in the discovery period to explore the bases for his claims and whether his failure to exhaust an available administrative remedy is a viable defense. Defendants therefore request that the Court modify the Scheduling Order to extend the deadline to file a motion for summary judgment for failure to exhaust until forty-five days after the completion of Plaintiff's deposition. (Id.)

Plaintiff did not file a response addressing Defendants' request, but the Court finds a response unnecessary. Having considered Defendants' moving papers, and given that the Court will extend the discovery deadline to allow for the taking of Plaintiff's deposition, the Court finds good cause for a continuance of the exhaustion motion deadline in this action. Defendants were diligent in noticing Plaintiff's deposition and considering the applicability of this affirmative

defense. Plaintiff will not be prejudiced by brief modification requested.

**VI.     Conclusion and Order**

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. The Motion for Relief from Judgment or Order, (ECF No. 29), is DENIED;
2. The motion for protective order, (ECF No. 39), is DENIED as moot;
3. The parties are directed to meet and confer, and agree on a date for Plaintiff's deposition, to be taken on or before **May 18, 2020**;
4. To facilitate a productive deposition, and seek to obtain Plaintiff's legal property, defense counsel shall contact the Litigation Coordinator at the institution where Plaintiff is housed and, if necessary, Pelican Bay State Prison, to determine where Plaintiff's legal property is located;
5. Defendants' request for modification of the July 15, 2019 Discovery and Scheduling Order, (ECF No. 40), is GRANTED;
6. The Discovery Deadline is extended to **May 18, 2020**;
7. The deadline for filing motions for summary judgment for failure to exhaust administrative remedies is extended to **July 6, 2020**;
8. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended to **November 6, 2020**; and
9. A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.

IT IS SO ORDERED.

Dated:   **March 18, 2020**                       /s/ *Barbara A. McAuliffe*
                                                             UNITED STATES MAGISTRATE JUDGE