# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CHANELO, *et al.*,<br><br>Defendants. | Case No. 1:16-cv-01356-NONE-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO AMEND THE COMPLAINT<br>(ECF Nos. 41, 46)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JOINDER OF CLAIMS<br>(ECF No. 45)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY OR MODIFICATION OF DISCOVERY AND SCHEDULING ORDER BASED ON CAUSE<br>(ECF No. 51) |

**I.     Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations recommending that: (1) this action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O.

1

Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be dismissed for failure to state a cognizable claim. (ECF No. 16.) The District Judge adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as separate actions. (ECF No. 18); see Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM; Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM; and Smith v. Gibbs, Case No. 1:18-cv-00854-NONE-BAM.

On June 22, 2018, the Court ordered Plaintiff to submit service documents for Defendants Castro, Chanelo, Gonzalez, Hunt, Ramirez, Rodriguez, Sotelo, and Wattree. (ECF No. 19.) On July 9, 2018, Plaintiff submitted partially completed service documents, together with a motion for relief from judgment and a proposed second amended complaint. (ECF Nos. 20, 21.) On August 6, 2018, Plaintiff filed a motion to amend the complaint and lodged a proposed supplemental complaint. (ECF No. 22, 23.) On September 10, 2018, Plaintiff filed a notice of errata, a further proposed supplemental complaint, and a motion for reconsideration of judgment. (ECF No. 24.) On March 26, 2019, the Court denied all of the pending motions, finding that Plaintiff continued to raise the same arguments regarding the existence of a conspiracy against him between nearly 100 defendants employed at multiple correctional institutions, county law enforcement and prosecutorial offices, and state courts. As the Court had repeatedly considered these arguments and again found no basis for allowing Plaintiff to proceed against all of the proposed defendants in a single action, the Court found no grounds that would warrant reconsideration of the earlier decision to sever this case and dismiss the otherwise unrelated claims. (ECF No. 27.)

On March 18, 2020, the Court issued an order denying Plaintiff's motion for relief from judgment, filed April 25, 2019, construing it as another motion for reconsideration and finding that Plaintiff was again attempting to reintroduce improperly joined defendants and claims in a single action. (ECF No. 58.)

///

Currently before the Court are several motions filed by Plaintiff, requesting leave to file amended complaints, join claims, and stay or modify the Court's discovery orders. Plaintiff filed a motion to amend, together with a lodged second amended complaint, on September 16, 2019. (ECF Nos. 41, 42.) Defendants filed an opposition on October 7, 2019. (ECF No. 43.) Plaintiff filed a supplemental brief in support of his motion, which the Court construes as an untimely reply, on November 8, 2019. (ECF No. 44.)

On December 13, 2019, Plaintiff filed a motion for joinder of claims, another motion to amend the complaint, and a lodged first amended complaint. (ECF Nos. 45–47.) Defendants filed an opposition on January 15, 2020. (ECF No. 50.) Following an extension of time, Plaintiff filed his reply on February 10, 2020. (ECF No. 57.)

On January 27, 2020, Plaintiff filed a motion for stay or modification of the discovery and scheduling order based on cause. (ECF No. 51.) Defendants filed an opposition on February 7, 2020. (ECF No. 56.) Plaintiff did not file a reply, and the time to do so has expired.

All of these motions are deemed submitted. Local Rule 230(l).

## II. Motions to Amend and for Joinder of Claims

The complaint in this action originally named over 42 individuals as defendants and dealt with incidents spanning many years. After Plaintiff's failure to properly join claims and defendants pursuant to Federal Rules of Civil Procedure 18 and 20, the Court found it appropriate to sever certain cognizable claims and to dismiss other misjoined claims. (ECF No. 18.) Thereafter, Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. (ECF Nos. 20, 22, 24, 29.) All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever this action and dismiss the otherwise unrelated claims. (ECF Nos. 27, 58.)

The Court has once again reviewed the submitted motions, proposed amended complaints, Defendants' oppositions, and Plaintiff's replies (both timely and untimely filed). It is clear that

each motion, regardless of what the document is titled and regardless of the number assigned to the proposed amended complaint, again seeks the joinder of claims that were previously dismissed or severed from this action. Each of the proposed amended complaints includes no more than conclusory allegations asserting, without factual support, that Defendants have violated various constitutional rights of Plaintiff and that Defendants are engaged in a vast conspiracy across multiple institutions and multiple periods of time. (ECF Nos. 42, 47.)

Defendants' argument that granting Plaintiff leave to amend at this juncture would be futile, is well taken. Plaintiff's two motions to amend and his motion for joinder of claims fail to present any new arguments that the Court has not previously considered in Plaintiff's repeated attempts to improperly join all of his claims in one action. Similarly, neither of Plaintiff's proposed amended complaints set forth sufficient allegations to support joining all of these claims in one action, and as to many claims, do not set forth allegations sufficient to state cognizable claims. As such, allowing Plaintiff to file an amended complaint, particularly one which attempts to revive claims already considered and dismissed or severed by this Court, would serve no purpose.

As Plaintiff was warned in the Court's prior order, Plaintiff has filed numerous repetitive, misnamed, overlapping, and otherwise harassing filings in this action. Such filings waste the Court's limited resources and delays the resolution of this action. Defendants have also been forced to file numerous oppositions regarding Plaintiff's filings. Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions. "Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" Islamic Shura Council of Southern California v. F.B.I., 757 F.3d 870, 872 (9th Cir. 2014) (per curiam) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)).

As Plaintiff's various motions set forth the same baseless arguments previously raised and rejected by this Court, the Court declines to expend its scarce resources in repeating the same

analysis in once again denying Plaintiff's motion, and refers Plaintiff to prior orders issued in this action. (See ECF Nos. 27, 58.) Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith. Plaintiff was given multiple opportunities prior to the severance of these claims to set forth allegations and arguments as to why these claims and defendants should be joined, and the Court has consistently found Plaintiff's contentions lacking. Any such further requests will be subject to sanctions.

### III. Motion for Stay or Modification of Discovery and Scheduling Order

In his motion, Plaintiff seeks a stay of these proceedings pending resolution of his motion for protective order regarding the taking of his deposition, and pending resolution of his pending motions to amend the complaint. (ECF No. 51.) Plaintiff generally argues that for the substantive reasons set forth in his motions to amend and his motion for protective order, a stay is warranted in this action. Plaintiff further contends that he has had difficulties accessing the law library at his current institution, and that he has not been fed properly by correctional staff. (Id. at 12.)

Defendants contend that, for reasons explained in their oppositions to Plaintiff's motions to amend and motion for protective order, a stay of this action is not appropriate. (ECF No. 56.) However, Defendants agree that modification of the Court's discovery and scheduling order is appropriate, in that it will allow the Court to rule on the pending motions and for Defendants to take Plaintiff's deposition with a clear understanding of which claims are being asserted and which are being permitted to proceed. (Id.)

The Court finds that the motion for stay or modification of the Court's discovery and scheduling order is now moot. On March 18, 2020, the Court issued an order denying Plaintiff's motion for protective order and directing the parties to meet and confer and agree on a date for Plaintiff's deposition, to be taken on or before May 18, 2020. (ECF No. 58.) Thus, the discovery deadline, and the deadlines for the filing of dispositive motions, have already been extended.

By the instant order, the Court has resolved the pending motions to amend the complaint, and this case is proceeding only on the Eighth Amendment excessive force claim against

Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, arising from the incident on March 13, 2013. The deadline for the filing of motions to amend the pleadings has expired during the pendency of these motions, and based on the Court's finding that Plaintiff's repeated motions to amend are futile and filed in bad faith, the Court finds no basis for further extension of that deadline. Similarly, Plaintiff has presented no grounds warranting a stay of this action.

**IV.**     **Conclusion and Order**

For the reasons stated above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motions to amend the complaint, (ECF Nos. 41, 46), are DENIED;
2. Plaintiff's motion for joinder of claims, (ECF No. 45), is DENIED;
3. Plaintiff's motion for stay or modification of discovery and scheduling order, (ECF No. 51), is DENIED as moot.

IT IS SO ORDERED.

Dated: __March 24, 2020__        /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE