# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>CHANELO, *et al.*,<br><br>    Defendants. | Case No. 1:16-cv-01356-NONE-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL WITH PREJUDICE FOR BAD FAITH CONDUCT**<br><br>(ECF No. 71, 73)<br><br>TWENTY–ONE (21) DAY DEADLINE |

**I.  Procedural History**

Plaintiff Lawrence Christopher Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 23, 2018, the undersigned issued findings and recommendations recommending that: (1) this action proceed on Plaintiff's first amended complaint only as to the excessive force claim against Defendants Sotelo, P. Chanelo, D. Wattree, K. Hunt, L. Castro, A. Gonzalez, E. Ramirez, and R. Rodriguez, on March 13, 2013; (2) the Court sever the misjoined claims, into three separate cases and such cases be opened, for excessive force for the incidents of: September 9, 2013 against Defendant D. Knowlton; November 15, 2013 against Defendants E. Weiss, O. Hurtado, and F. Zavleta; and February 6, 2014 against Defendants D. Gibbs and D. Hardy; (3) Plaintiff's improperly joined claims of February 4, 2015, February 25, 2015, and September 2, 2015 be dismissed without prejudice to re-filing; and (4) the remaining claims and defendants be

1

dismissed for failure to state a cognizable claim. (ECF No. 16.) The District Judge adopted the findings and recommendations in full on June 20, 2018, and the misjoined claims were opened as separate actions. (ECF No. 18); see Smith v. Knowlton, Case No. 1:18-cv-00851-NONE-BAM; Smith v. Weiss, Case No. 1:18-cv-00852-NONE-BAM; and Smith v. Gibbs, Case No. 1:18-cv-00854-NONE-BAM.

On June 22, 2018, the Court ordered Plaintiff to submit service documents for Defendants Castro, Chanelo, Gonzalez, Hunt, Ramirez, Rodriguez, Sotelo, and Wattree. (ECF No. 19.) On July 9, 2018, Plaintiff submitted partially completed service documents, together with a motion for relief from judgment and a proposed second amended complaint. (ECF Nos. 20, 21.) On August 6, 2018, Plaintiff filed a motion to amend the complaint and lodged a proposed supplemental complaint. (ECF No. 22, 23.) On September 10, 2018, Plaintiff filed a notice of errata, a further proposed supplemental complaint, and a motion for reconsideration of judgment. (ECF No. 24.) On March 26, 2019, the Court denied all of the pending motions, finding that Plaintiff continued to raise the same arguments regarding the existence of a conspiracy against him between nearly 100 defendants employed at multiple correctional institutions, county law enforcement and prosecutorial offices, and state courts. As the Court had repeatedly considered these arguments and again found no basis for allowing Plaintiff to proceed against all of the proposed defendants in a single action, the Court found no grounds that would warrant reconsideration of the earlier decision to sever this case and dismiss the otherwise unrelated claims. (ECF No. 27.)

Then, on March 18, 2020, the Court issued an order denying Plaintiff's motion for relief from judgment, filed on April 25, 2019 (ECF No. 29), construing it as another motion for reconsideration and finding that Plaintiff was again attempting to reintroduce improperly joined defendants and claims in a single action. (ECF No. 58.) Also in the March 18, 2020, the Court issued an order denying Plaintiff's motion for protective order from having his deposition taken and directed the parties to meet and confer and agree on a date for Plaintiff's deposition, to be taken on or before May 18, 2020. (ECF No. 58.) In that order, Plaintiff was cautioned that he is obligated to have his deposition taken: "However, Plaintiff is reminded that his discovery

obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition. Plaintiff is obligated to allow Defendants to take his deposition, regardless of whether he believes that his complaint is sufficient to warrant a ruling of summary judgment in his favor." (ECF No. 58, p.8.)  The Court told Plaintiff that "Plaintiff is informed that he is required to appear at a properly noticed deposition." (ECF No. 58, p.8.)  In response to Plaintiff's argument in the motions that his deposition was unnecessary, the Court reminded Plaintiff "that pursuant to the Federal Rules of Civil Procedure, he cannot abdicate his responsibility to attend and meaningfully participate in his deposition." (ECF No. 58, p.8.)  Plaintiff also was warned about making repetitive motions: "Plaintiff has already been warned about filing repetitive, duplicative, and harassing filings." (ECF No. 58, p.9.) And was warned that, "Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions." Id.

On March 24, 2020, the Court denied several other motions filed by Plaintiff, including, requesting leave to file amended complaints, join claims, and stay or modify the Court's discovery orders, (ECF No. 59): (1) Plaintiff's motion to amend, together with a lodged second amended complaint, on September 16, 2019.  (ECF Nos. 41, 42), (2) Plaintiff's motion for joinder of claims, another motion to amend the complaint, and a lodged first amended complaint filed on December 13, 2019, (ECF Nos. 45), (3) Plaintiff's motion for stay or modification of the discovery and scheduling order based on cause, filed on January 27, 2020.  (ECF No. 51.) In the Court's March 24, 2020 order, the Court found Plaintiff was acting in bad faith: "Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith." (ECF No. 59, p.4-5.)

On May 19, 2020, the Court reaffirmed Defendants' right to take Plaintiff's deposition by continuing dates to meet and confer to select a date, based in large part to COVID-19. (ECF No. 67.) On September 16, 2020, the Court again continued the dates for discovery, based on COVID-19 related issues, and noted that Defendants had reserved the date of September 24, for

3

1  Plaintiff's deposition.  (ECF No. 70.)  Plaintiff filed a motion for reconsideration of the order

2  denying his motion for protective order for his deposition (ECF No. 64),[1] which the District Judge

3  denied on January 4, 2021.   (ECF No. 77.)  In that ruling, the Court admonished Plaintiff that

4  "Plaintiff may not simply file repeat motions for reconsideration in an attempt to receive a

5  different ruling in response to the same arguments."  (ECF No. 77, p. 2.)

## II. Overview of the Motions

Currently pending before this Court are two motions:  Another motion for protective order to protect him from his deposition (ECF No. 71), and Defendants' motion to compel the deposition.  (ECF No. 73.)  Defendants' opposed the motion for protective order. Plaintiff failed to oppose the motion to compel and his time to do so has expired.[2]

### A. Plaintiff's Motion for a Protective Order

In his motion, Plaintiff recounts the incident of excessive force on March 13, 2013 by Defendants.   (ECF No. 71, p. 5-6, 7-9.)  Plaintiff states that the facts, coupled with the incident reports, raise triable issues of fact as to the force used. Plaintiff explains that Defendants' conduct was in violation of the Constitution and CDCR regulations.

Plaintiff argues that "a deposition for this action is needless."  Plaintiff says a deposition of him on the affirmative defense of failure to exhaust need not be taken because of Defendants' obstruction or threats.  (ECF No. 71, p. 10.)  Plaintiff alleges his Due Process rights were violated, his appeal was illegally screened out, and he was illegally found guilty of assault on an officer.  (ECF No. 71, p. 12.)  Plaintiff also alleges spoliation of evidence by Defendants of the video recording of the escort on March 13, 2013.  (ECF No. 71, p. 10.)  Plaintiff says that Defendants should be sanctioned for the destruction, and as best the Court can determine, that

---

[1] The scope of Plaintiff's repeated attempts for a protective order is to halt taking any deposition of him.  He seeks not to have his deposition taken at all in this action.

[2] See Local Rule 230(l): "Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. . . . Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions."

4

1  since they destroyed the evidence he should not be deposed. (ECF No. 71, p. 11.)  Plaintiff
2  requests relief of a protective order in this action prohibiting the Defendants from harassing him
3  with an unwarranted deposition.  (ECF No. 71, p. 13.)

**B.  Defendant's Motion to Compel Deposition**

Defendants complied with the Court's order to meet and confer with Plaintiff to discuss setting his deposition.  Defendants properly noticed his deposition for September 24, 2020. Plaintiff failed to appear at the deposition.  Defendants' request that the Court compel Plaintiff to appear at the next scheduled deposition.

**III.  Discussion**

Plaintiff has filed successive motions for a protective order, after repeatedly being ordered that he must attend his deposition under Fed.R.Civ.P. 30 and has failed to comply with the court's order that he must attend his deposition.  Plaintiff's current motion fails to identify any new reasons for not attending, other than he believed that the facts speak for themselves and his version of facts should be believed.  Indeed, Plaintiff has failed to appear at his properly noticed deposition. (ECF No. 73.)

**A.     The Court's Sanction Authority**

1.     <u>Federal Rule of Civil Procedure 11 and the Court's Inherent Authority</u>

Rule 11 "provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." <u>Estate of Blue v. Cty. of Los Angeles</u>, 120 F.3d 982, 985 (9th Cir. 1997). "'Frivolous filings' are those that are 'both baseless and made without a reasonable and competent inquiry.'" <u>Buster v. Greisen</u>, 104 F.3d 1186, 1190 (9th Cir. 1997) (quoting <u>Townsend v. Holman Consulting Corp</u>., 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).  "The test for whether Rule 11 is violated does not require a finding of subjective bad faith by the attorney or unrepresented party." <u>McMahon v. Pier 39 Ltd. P'ship</u>, No. C03-00251 CRB, 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003).

In addition to Rule 11, courts also have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Fink v. Gomez</u>, 239 F.2d 989, 991

(9th Cir. 2001) (quoting Roadway Express, Inc. v. Pipe, 447 U.S. 752, 766 (1980)).  Under the court's inherent power, sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad faith." Id. at 994.  Conduct that is tantamount to bad faith includes "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." Id.  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986).

In addition, pursuant to the Court's Local Rules, this Court has the authority to impose any appropriate sanction to curtail abusive litigation tactics.  See E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal"), cert. denied, 516 U.S. 838 (1995); Delange v. Dutra Constr. Co., Inc., 183 F.3d 916, 919 n.2 (9th Cir. 1999) (per curiam) (district courts enjoy "broad discretion in interpreting and applying their local rules"). Individuals proceeding in pro per are bound by the Court's Local Rules just the same as licensed attorneys.  See E.D. Cal. L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.").

2.     Federal Rule of Civil Procedure 37

Depositions are governed by Federal Rule of Civil Procedure 30, which states in pertinent part that "[a] party may, by oral questions, depose any person, including a party, without leave of court . . . ." Fed. R. Civ. P. 30(a)(1).  A failure to participate in discovery is in violation of Fed. R. Civ. P. 30 and 37.  Under Rule 30(d)(2), the court may impose sanctions for impeding, delaying, or frustrating the fair examination of the deponent.

Federal Rule of Civil Procedure 37(d) authorizes the court "to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing

those rules." Wyle v. R.J. Reynolds Indus., Inc., 709 F.2d 585, 589 (9th Cir. 1983).  The Court may sanction the party by "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence," "staying further proceedings" until the party has complied with discovery requirements, and "dismissing the action or proceeding in whole or in part."  Fed. R. Civ. P. 37(d)(3) (incorporating sanctions from Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)).

Rule 37 allows for terminating sanctions that dismiss a plaintiff's action where there has been willfulness, bad faith, or fault.  Fed. R. Civ. P. 37(b)(2)(A)(v); Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 640 (1976).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."

**B.     The Court Finds that Plaintiff Acted in Bad Faith**

Plaintiff's *pro se* status does not excuse intentional non-compliance with the Federal Rules of Civil Procedure or court orders.  See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer . . . ."); see also Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding pro se).

Plaintiff has already been warned about filing repetitive, duplicative, and harassing filings.  He has filed numerous repetitive, misnamed, overlapping, and otherwise harassing filings in this action.  (ECF No. 58, 59.)  He filed successive motions seeking to rejoin severed claims, amend complaint to rejoining severed claim, despite repeated court admonitions against doing so.  (ECF No.  41, 45, 46.) Plaintiff attempted on multiple occasions to have the claims and defendants rejoined, through motions for relief from judgment, motions to amend, and motions for reconsideration. (ECF Nos. 20, 22, 24, 29.) All of these requests and proposed amended and supplemental complaints were denied, as the Court found no support for the existence of a conspiracy among the numerous defendants, and therefore no grounds that would warrant reconsideration of the earlier decision to sever this action and dismiss the otherwise unrelated claims. (ECF Nos. 27, 58 59.) As Plaintiff's various motions set forth the same baseless

1 arguments previously raised and rejected by this Court, the Court declined to expend its scarce
2 resources in repeating the same analysis in once again denying Plaintiff's motion, and referred
3 Plaintiff to prior orders issued in this action. (See ECF Nos. 27, 58, 59, p.4-5.)

4     In addition, Plaintiff has also been told multiple times that he is required to attend his
5 deposition. The Court denied his motion for a protective order for his deposition, told Plaintiff he
6 must attend his deposition and later reaffirmed in a Court order that Plaintiff was required to
7 participate in a meaningful deposition.  Even with this background, Plaintiff still refused to and
8 did not attend his properly noticed deposition.  Instead, Plaintiff has filed repetitive motions for
9 protective order to stop his deposition. Plaintiff was fully on notice that he would not be relieved
10 of his obligation to attend and meaningfully participate in a deposition, yet he has refused to
11 attend and has multiplied this proceeding with meritless motions.  In like vein, in one of
12 Plaintiff's severed cases, *Smith v. Weiss,* Case No. 18-852 NONE BAM, Plaintiff was told,
13 warned and admonished that he must attend a deposition.[3] Given this history, the Court is firmly
14 convinced that Plaintiff knew he must attend a deposition and not file repetitive motions.

15     Yet, despite clear guidance and firm orders from the Court, Plaintiff has again brought
16 repetitive motions on the same issue without any new arguments. Estate of Blue, 120 F.3d 982,
17 985 (9th Cir. 1997) (Frivolous filings are "those that are both baseless and made without a
18 reasonable and competent inquiry."), cert. denied, 522 U.S. 1111 (1998).  Plaintiff's repeat
19 motions waste the Court's limited resources and delays the resolution of this action.  Defendants
20 have also been forced to file numerous oppositions regarding Plaintiff's filings, including a
21 motion to compel Plaintiff's deposition.  Plaintiff was warned that filing additional baseless

---

[3] In one of Plaintiff's other cases arising from the severance of his claims, Plaintiff was ordered to attend his deposition. *Smith v. Weiss*, Case no. 18-852 NONE BAM, ECF No. 42 (The District Judge denied Plaintiff's motion for protective order for his deposition and found that Plaintiff was obligated to appear for his deposition. The Court concluded: "plaintiff's failure to cooperate in the taking of his deposition may also result in the imposition of terminating sanctions, due to plaintiff's failure to obey a court order and failure to cooperate in discovery." (ECF No. 42, p. 8.)) Indeed, the argument Plaintiff makes in the current motion before this Court, that "the taking of his deposition would be futile and constitute harassment," has previously been ruled on and soundly rejected: "The court rejects that argument in its entirety." (*Smith v. Weiss*, Case no. 18-852, ECF No. 42, p. 4.)

8

motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings was considered bad faith or for the purpose of harassment, to which Plaintiff would be subject to sanctions. (ECF No. 58, p. 9.)

Plaintiff seeks to shirk his discovery obligations to attend a deposition and instead requires that Defendants "take his word for it." Plaintiff failed to appear at his properly noticed deposition on September 24, 2020, despite being fully on notice that he must attend and meaningfully participate in a deposition. On March 20, 2020, Plaintiff was told, "Plaintiff is reminded that his discovery obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to attend and meaningfully participate in his deposition. Plaintiff is obligated to allow Defendants to take his deposition, regardless of whether he believes that his complaint is sufficient to warrant a ruling of summary judgment in his favor." (ECF No 58, p. 8.)

Plaintiff has already been found to be acting in bad faith in this action. In ruling on Plaintiff's various motions setting forth the same baseless arguments previously raised and rejected, the Court stated: "Given Plaintiff's repeated attempts to improperly join defendants and claims in a single action, and the Court's repeated orders to the contrary, the Court finds that the instant motion to amend is brought in bad faith." (ECF No. 59, p.5.) In a companion case, *Smith v. Weiss*, 18-852 NONE BAM, Plaintiff has been found to be acting in bad faith on multiple occasions for the same conduct at issue here, filing baseless motions and refusing to attend a deposition. Terminating sanctions have been recommended in *Smith v. Weiss*, 18-852 NONE BAM.

This Court is convinced that no further warning or notice or "third" chance will change the pattern of bad faith conduct in repetitive filings or force Plaintiff to attend and meaningfully participate in his deposition. Indeed, the Court envisions further delay, extensive law and motion practice, and extraordinary consumption of severely limited judicial resources should this conduct not be stopped at this time. This Court cannot tell a plaintiff time and again to follow the rules, obey court orders throughout this case, and in the other multiple cases Plaintiff has pending in this District, and permit the conduct to continue without severe consequences. The conduct has not changed to date in the four years this and other cases have been pending. This Court is convinced

that Plaintiff knows what he must do, refuses to do so, and will not change his conduct.

The Court finds that Plaintiff's conduct in this case is obstructive and constitutes willful disregard for the Court's orders, abusive and bad faith litigation tactics, and the needless multiplication of the proceedings. The Court next turns to whether terminating sanctions are appropriate.

**C. Consideration of Factors Warranting Dismissal**

In determining whether to dismiss an action, the Court considers: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on the merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). The amount of prejudice resulting from discovery violations and the availability of less drastic sanctions are "key factors." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

The public's interest in expeditious resolution of litigation weighs in favor of dismissal. The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Here, at every turn, Plaintiff attempts to delay the proceedings, and deprive Defendants of their right to take Plaintiff's deposition.  Defendants are entitled to examine Plaintiff about the facts upon which Plaintiff bases his claims.  This case has been pending since 2016, for events in 2013, and it should be a relatively straightforward excessive force case. However, given Plaintiff's continued refusal to comply with the Court's order against filing repetitive motions and refusing to participate in his deposition, factor 1 weighs strongly in favor of dismissal of this action.

The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket." See Ferdik v. Bonzelet, 963 F.2d 1261 (9th Cir. 1992), as amended (May 22, 1992) ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik." )

As detailed throughout this Order, and as is located throughout the docket in the case, the Court has devoted inordinate amounts of time to deal with what should be a limited-in-scope

claim. And, once again, because of his conduct in bringing the motions to protect him from a deposition, the Court is required to devote substantial time to reviewing the totality of the case and assessing whether dismissal is appropriate. Plaintiff's conduct has diverted the Court from the voluminous number of other cases pending which are competing for its limited resources. Thus, the factor of the Court's need to manage its docket weighs strongly in favor of dismissal.

The third factor—prejudice to the Defendants—also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1227 (9th Cir.2006) (quoting Adriana Int'l Corp. v. Thoerren, 913 F.2d 1406, 1412 (9th Cir.1990)).  Defendants have been unable to take Plaintiff's deposition to inquire into his claims.  Defendants have also been forced to oppose Plaintiff's repetitive and meritless motions which unduly delay the proceedings in this case.

For the fourth factor, this Court has not lost sight of the strong interest in resolving cases on the merits. But even this strong interest in deciding cases on the merits cannot override a litigant's conduct in refusing to abide by court orders. Although generally the public policy favoring disposition of cases on the merits would weigh in favor of a lesser sanction than dismissal, here, where Plaintiff's misconduct is the cause of delays and prejudice to Defendants, that factor does not weigh in Plaintiff's favor. See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir.2006). But as explained above, in this case, Plaintiff has now repeatedly disregarded the Court's orders. This factor weighs only slightly against dismissal.

No lesser sanction is warranted.  A district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. Malone v. U.S. Postal Serv., 833 F.2d 128, 131-32 (9th Cir. 1987) The Court has considered lesser sanctions, but no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that he withheld from Defendants at the deposition, and the Court would have no practical way of excluding such testimony. Monetary sanctions are also ineffective because of Plaintiff's in forma pauperis status. He would likely be unable to pay any monetary sanctions.

Additionally, the Court admonished Plaintiff about his discovery obligations and warned him about the consequences of noncompliance, but Plaintiff has indicated no intent to comply with any rulings or orders by the Court. The Court has already ordered him to attend a deposition, yet he has failed to appear at the properly noticed deposition.  In addition, Plaintiff has filed repetitive motions which have been previously ruled on by the Court and for which Plaintiff has been admonished.  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. The Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

**D. Prior Warnings were Given in Clear and Explicit Terms**

Before ordering a terminating sanction, a court must warn the offending parties and try other sanctions first. For example, a district court's failure to warn a party that dismissal is being considered as a sanction weighs heavily against the sanction. U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc., 857 F.2d 600, 605 (9th Cir.1988) ("in exceptional cases, where it is clear that no other alternative would have been reasonable, we may affirm a dismissal or default judgment despite the absence of such a discussion.")

Plaintiff has been warned in adamant terms that his continued conduct risked severe sanctions.  Plaintiff was warned that, "Plaintiff is warned that filing additional baseless motions, needlessly multiplying the proceedings, wasting judicial resources, or otherwise submitting filings in bad faith or for the purpose of harassment, will subject a party to sanctions."  (ECF No. 58, p. 9.)  Plaintiff was warned that continuing to file baseless arguments previously raised and rejected by this Court, would subject him to sanctions.  (ECF No. 59, 4-5.) The Court does not ignore that Plaintiff was fully on notice that the exact conduct at issue here was subject to sanctions in *Smith v. Weiss*, Case no. 18-852, ECF No. 42 ("If plaintiff continues to fail to cooperate with discovery, this action may be subject to terminating sanctions due to plaintiff's failure to obey a court order and failure to cooperate in discovery.) And most strongly, in *Smith v. Weiss*, Case no. 18-852, ECF No. 42 that "plaintiff's failure to cooperate in the taking of his deposition may also result in the imposition of terminating sanctions, due to plaintiff's failure to

1  obey a court order and failure to cooperate in discovery." Id. Without question, here, Plaintiff
2  knew he must attend his deposition, meaningfully participate, and cease filing repetitive and
3  meritless motions.  Nothing this Court did worked. Therefore, Plaintiff has been repeatedly and
4  adequately warned that his conduct risked sanctions and possible dismissal of his case.

5  The Court also considers Plaintiff's bad faith in light of concerns of judicial economy.
6  Plaintiff's conduct imposes an unnecessary and extreme burden on the Court's limited resources.
7  By failing to abide by Court orders and heeding the limitations imposed by law, Plaintiff's
8  disregard of judicial rulings imposes a significant burden on limited resources to review and
9  decide meritless, repetitious and voluminous filings. Accordingly, this Court recommends that
10  this case be DISMISSED as a terminating sanction.

11  **IV. Conclusion and Recommendations**

12  For the reasons set forth above, the Court HEREBY RECOMMENDS as follows:

13    1.   Plaintiff's Motion for a Protective Order (ECF No. 71) be DENIED;

14    2.   Defendants' motion to compel Plaintiff's deposition (ECF No. 73) be DENIED as
15  moot;

16    3.   This case be DISMISSED WITH PREJUDICE; and

17    4.   STAY all proceedings in this case pending resolution of these Findings and
18  Recommendations.

19  These Findings and Recommendations will be submitted to the United States District
20  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
21  **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff
22  may file written objections with the Court.  The document should be captioned "Objections to
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

13

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 12, 2021**     /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE