UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE CHRISTOPHER SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>CHANELO, *et al.*,<br><br>  Defendants. | No.  1:16-cv-01356-DAD-BAM (PC)<br><br>Appeal No. 21-15827<br><br>ORDER CONSTRUING OBJECTIONS AS A MOTION FOR RECONSIDERATION AND DENYING THAT MOTION AND GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>(Doc. Nos. 81, 82)<br><br>ORDER |

**I.     Background**

Plaintiff Lawrence Christopher Smith, a state prisoner, proceeded *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On January 12, 2021, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's motion for a protective order be denied, defendants' motion to compel plaintiff's deposition be denied as moot, and that this case be dismissed with prejudice. (Doc. No. 78.)  The magistrate judge found that terminating sanctions were appropriate due to plaintiff's bad faith conduct in refusing to comply with his discovery obligations and needlessly multiplying court proceedings by submitting repetitious and voluminous filings in this action. (*Id.*)  Plaintiff was provided notice that any objections to those findings and recommendations

1 were to be filed within twenty-one days after being served with the findings and
2 recommendations.  No objections were filed, and on March 8, 2021, the undersigned adopted the
3 findings and recommendations in full.  (Doc. No. 79.)  Judgment was entered accordingly the
4 same date.  (Doc. No. 80.)

5 On May 6, 2021, plaintiff filed a motion for 30-day extension of time to file a notice of
6 appeal, objections to the findings and recommendations, and a notice of appeal.  (Doc. Nos. 81–
7 83.)  Plaintiff's appeal was processed to the Ninth Circuit Court of Appeals the same date, (Doc.
8 No. 84), and assigned Case No. 21-15827.  Defendants have not filed a response to plaintiff's
9 motion for an extension of time.

**II.  Motion for Extension of Time to File Notice of Appeal**

In his motion for extension of time, plaintiff alleges that he originally submitted his objections to the magistrate judge's findings and recommendations on February 9, 2021.  (Doc. No. 81.)  Plaintiff further states that he submitted a request to proceed *in forma pauperis* and a notice of appeal on March 17, 2021, along with another copy of his objections to the findings and recommendations.  After he did not receive confirmation of filing of his notice of appeal, plaintiff submitted his motion for extension of time to file his notice of appeal, together with the previously submitted notice of appeal and objections.  Plaintiff argues that he has experienced difficulties with prison staff in properly processing legal mail in the past, leading to documents not being received by the court.  (*Id.*)

A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from.  Fed. R. App. P. 4(a)(1)(A).  The court may extend the time to file a notice of appeal if a party moves for the extension no later than 30 days after the original 30 days expires, and the party "shows excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  No extension under Rule 4(a)(5) may exceed 30 days after the original deadline, or 14 days after the date when the order granting the motion is entered, whichever is later.  Fed. R. App. P. 4(a)(5)(C).

Here, pursuant to the prison mailbox rule, plaintiff has filed his motion for extension of time within the time allotted by Rule 4(a)(1)(A) and has shown good cause for the requested

2

extension of time.  As plaintiff's notice of appeal has already been processed to the Ninth Circuit, no additional time is necessary.

### III.     Motion for Reconsideration

As to plaintiff's objections, the court notes that even if submitted by plaintiff on February 9, 2021, the objections would have been untimely.  The magistrate judge's findings and recommendations were served on January 12, 2021, and plaintiff was permitted twenty-one days to file his objections.  Pursuant to Fed. R. Civ. P. 6(d) and the prison mailbox rule, plaintiff's objections should have been submitted to prison authorities for mailing on or before February 5, 2021.  According to the proof of service attached to plaintiff's re-submitted objections, plaintiff did not submit his objections for mailing until February 9, 2021.  (Doc. No. 82 at 5.)  Nevertheless, in an abundance of caution, the court will construe plaintiff's untimely objections as a motion for reconsideration pursuant to Fed. R. Civ. P. 60.[1]

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court.  Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks

---

[1] As a general rule, a notice of appeal transfers jurisdiction over the matters appealed to the appellate court and divests the district court of jurisdiction over those aspects of the case, but the notice of appeal does not become effective until the district court resolves any motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60, so long as that motion for reconsideration was filed within 28 days of entry of judgment. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); Fed. R. App. P. 4(a)(4)(B)(i).  Construed as a Rule 60 motion for reconsideration mailed on February 9, 2021, petitioner's objections were filed within 28 days judgment, which was filed on March 8, 2021.  (*See* Doc. No. 80.)  The court therefore has jurisdiction to rule on the motion for reconsideration.

and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *United States. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

In his latest submission plaintiff essentially argues that his refusal to attend his deposition was warranted because he has provided the required evidence to support his claim, and a deposition of him is unnecessary because he is entitled to judgment as a matter of law. (Doc. No. 82.) Plaintiff further contends that, even if he is not entitled to judgment as a matter of law, due to alleged misconduct by defendants in this case and his other court cases, he should be entitled to amend his complaint in this action. (*Id.* at 2.)

Plaintiff has previously submitted these arguments in briefing in support of his multiple motions for a protective order for his deposition and defendants' motion to compel plaintiff's deposition. The court has reviewed and rejected the same. (*See* Doc. No. 78 at 7–10.) Having considered plaintiff's moving papers, the court does not find that they support relief under Rule 60(b). The court does not find that plaintiff presented any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate.

**IV.  Conclusion**

Accordingly,

1. Plaintiff's motion for extension of time to file a notice of appeal (Doc. No. 81), is granted;
2. Plaintiff's motion for reconsideration, (Doc. No. 82), is denied; and
3. The Clerk of the Court is directed to send a copy of this order to the Ninth Circuit.

IT IS SO ORDERED.

Dated: __**June 16, 2021**__          *Dale A. Drozd*
                                    UNITED STATES DISTRICT JUDGE

4